UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES F. MOODY,

          Plaintiff,

          v.                                        Case No. 25-cv-1376-bbc

LT. JONES, et al.,

          Defendants.

---

## SCREENING ORDER

---

Plaintiff Charles F. Moody, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Moody's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Moody has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Moody has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.27. Accordingly, Moody's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Moody is an inmate at the Racine Correctional Institution. Dkt. No. 1. Defendants are Lieutenant Jones, Correctional Officer Thomas, and Registered Nurse Jane Doe. *Id*. at 1.

According to the complaint, on October 25, 2022, at around 5:55 p.m., CO Thomas slammed Moody's hand in the cell door "with an attitude." *Id*. at 2. Moody instantly lost feeling in his hand and it became swollen. *Id*. CO Thomas allegedly said, "if you was in your room it wouldn't have happened." *Id*. Moody asked for medical assistance and she responded, "I don't care. It's not a medical emergency." *Id*. Moody then tried to show her the obviously swollen hand. *Id*. She chuckled and said, "next time you'll be in your room." *Id*.

About an hour later, at around 6:40 p.m., CO Young (not a defendant) arrived at Moody's cell and agreed to call the nurse. *Id*. at 2-3. At about 7:15 p.m., a nurse arrived at Moody's cell. *Id*. at 3. At that time, Lt. Jones admitted to watching CO Thomas slam Moody's hand in the door through the camera. *Id*. Jane Doe Nurse examined Moody's hand and stated, "It's not a medical emergency." *Id*. at 3-4. She ordered an ice pack, a cold towel, and ibuprofen. *Id*. at 4.

Two days later, on October 27, 2022, Moody's hand had not improved, so he requested a medical appointment. *Id*. In response, the sick-call nurse examined him and ordered an x-ray, a finger splint, and additional ice and ibuprofen. *Id*. On November 1, 2022, Moody had an x-ray, and the following day, on November 2, 2022, he transferred to another institution. *Id*. At the new institution, a nurse examined his hand on November 14, 2022, and ordered for a doctor to examine him. *Id*. On November 16, 2022, Dr. Fields (not a defendant) examined Moody and scheduled him for a hospital visit. *Id*. On November 28, 2022, Moody went to UW Hospital, where doctors scheduled him for a hand surgery. *Id*. Moody received his hand surgery on January 23, 2023. *Id*. For relief, Moody seeks monetary damages. *Id*.

3

ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

1. **Eighth Amendment: excessive force**

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). To state a claim Moody must allege that defendants applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Id*. at 6-7. Factors relevant to defendants' mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. *Whitley v. Albers*, 475 U.S. 312, 321 (1986); *Rice*, 675 F.3d at 668.

.

4

Moody alleges that, on October 25, 2022 at around 5:55 p.m., CO Thomas slammed his hand in the cell door "with an attitude," causing an injury that required hand surgery. She allegedly told Moody, "if you was in your room it wouldn't have happened." Without more information, this statement does not show that CO Thomas's alleged conduct was intended to maintain or restore discipline. Based on these allegations, the Court can reasonably infer that CO Thomas may have applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. Therefore, Moody may proceed on an Eighth Amendment excessive force claim in connection with allegations that CO Thomas slammed his hand in the door on October 25, 2022 for no legitimate penological reason.

Moody claims that Lt. Jones watched on camera as CO Thomas slammed Moody's hand in the door. But there is no allegation that Lt. Jones directed CO Thomas' actions or that she had a reasonable opportunity to intervene to prevent the harm. *See Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004) (noting that the personal responsibility requirement of a failure to intervene claim requires that a correctional officer must have had a "realistic opportunity to step forward and prevent a fellow correctional officer from violating a plaintiff's rights…"). To the contrary, Moody alleges that Lt. Jones was watching the incident through the camera from a different room, and it is unclear how she could have intervened from a different room to prevent what he describes as an angry and split-second decision to slam his hand in the door. Therefore, Moody fails to state a claim against Lt. Jones in connection with the excessive force incident.

**2. Eighth Amendment: denial of medical care**

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference towards an inmate's serious medical need. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S.

97, 104-05 (1976)). To state a claim, Moody must allege that: (1) he had an objectively serious medical condition; and (2) the defendant was deliberately indifferent towards it. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical condition need not be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). A defendant is deliberately indifferent when he or she "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Examples of deliberate indifference include ignoring a request for medical assistance; refusing to take instructions from a specialist; persisting in a course of treatment known to be ineffective; choosing an easier and less efficacious treatment without exercising medical judgment; and delaying in treatment which serves no penological interest. *Id.* at 729-31.

Moody alleges that he had a very swollen and painful hand that he could not move, which is an objectively serious medical condition. He asked CO Thomas for medical assistance and she allegedly responded, " I don't care," "It's not a medical emergency," and "next time you'll be in your room." She also allegedly "chuckled" when she saw his swollen hand. Based on these allegations, the Court can reasonably infer that CO Thomas may have been deliberately indifferent towards his serious medical condition. Therefore, Moody may proceed on an Eighth Amendment denial of medical care claim against CO Thomas in connection with his hand injury on October 25, 2022.

Moody fails to state a denial of medical care claim against any of the other defendants, however. Moody does not allege that he ever asked Lt. Jones for medical care. She therefore was not personally involved in any medical care claim. Additionally, although Moody names "RN Jane Doe" as a defendant, it's unclear which of the three nurses he mentions in the complaint is

the intended defendant. He saw one nurse on Oct. 25, a different nurse on Oct. 27, and a different nurse on Nov. 14. Moody also alleges that all three nurses examined him and provided medical care. The Oct. 25 nurse ordered an ice pack, a cold towel, and ibuprofen. The Oct. 27 nurse ordered an x-ray, a finger splint, and additional ice and ibuprofen. And the Nov. 14 nurse referred him to a doctor. Based on the allegations in the complaint, the Court cannot reasonably infer deliberate indifference by any of the nurses he mentions. Therefore, the Court will dismiss Lt. Jones and RN Jane Doe from the case.

## CONCLUSION

The Court finds that Moody may proceed on an Eighth Amendment excessive force claim, as well as an Eighth Amendment denial of medical care claim, against CO Thomas in connection with the October 25, 2022 incident.

**IT IS THEREFORE ORDERED** that Moody's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lt. Jones and Registered Nurse Jane Doe are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Moody's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Thomas.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Thomas shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Moody shall collect from his institution trust account the **$346.73** balance of the filing fee by collecting monthly payments from Moody's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Moody is transferred to another institution, the transferring institution shall forward a copy of this Order along with Moody's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Moody is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Moody is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Moody may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on November 18, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge