UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES F. MOODY,

Plaintiff,

v. Case No. 25-CV-1376

TIAWANA THOMPSON,

Defendant.

---

# ORDER

---

Plaintiff Charles F. Moody is currently incarcerated at Racine Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on Eighth Amendment excessive force and denial of medical care claims against Defendant CO Tiawana Thompson. Defendant filed a motion for summary judgment on October 2, 2026. Plaintiff's response to the motion was due November 2, 2026. This matter comes before the Court on Plaintiff's motion for an extension of time, to appoint counsel, and to stay proceedings.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been

effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)).

Plaintiff asserts that he has contacted several attorneys, but none of the attorneys have agreed to take his case. Even though Plaintiff has made reasonable efforts to locate counsel without the Court's help, the Court will deny his motion to appoint counsel because he appears capable of representing himself through the briefing of summary judgment. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations, and any other circumstances that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019) (citation omitted).

Plaintiff has not provided the Court with any information about his general competence. At this point, all Plaintiff must do is respond to Defendant's motion for summary judgment. Summary judgment rises or falls on whether there is a genuine dispute of material fact. Plaintiff's claims are straightforward and largely turn on Plaintiff's personal knowledge of what happened and how he was injured. Because Plaintiff has personal knowledge of the material facts of his case, he should be able to identify which facts asserted by Defendant are in dispute and place them before the Court in a sworn declaration. Plaintiff's filings have been clear, organized, and well-reasoned, suggesting that he understands his claims and has the capacity to identify and present the material facts of his case at summary judgment. Accordingly, Plaintiff's motion to appoint counsel is denied without prejudice.

Plaintiff has also requested that the Court stay the case for 120 days to allow him to obtain records and find legal representation. Plaintiff has not shown good cause to stay the case for 120 days. Defendant is entitled to a timely resolution of the case. The Court will nevertheless grant Plaintiff's motion for an extension of time and extend Plaintiff's deadline to respond to Defendant's motion for summary judgment to **December 2, 2026**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 32) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay proceedings (ECF No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (ECF No. 32) is **GRANTED**. Plaintiff must submit his response materials to the motion for summary judgment by **December 2, 2026**. If Plaintiff does not file his response materials or request additional time to do so by the deadline, the Court will assume all facts asserted by Defendant to be true and will decide the motion without Plaintiff's input.

Dated at Green Bay, Wisconsin on November 9, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge